CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

07/08/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JAMES M. BARBER, *ET AL*,<br><br>*Plaintiffs,*<br><br>v.<br><br>SAM'S CLUB EAST, INC., *ET AL*,<br><br>*Defendants.* | CASE NO. 6:18-CV-00081<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants Sam's Club East, Inc. and Taylor Farms Retail, Inc.'s ("Defendants") motion for costs and to stay the proceedings pursuant to Fed. R. Civ. P. 41(d). (Dkt. 11). The instant action was filed by Plaintiffs James, Sarah, and Jared Barber ("Plaintiffs") against Defendants in September 2018. Plaintiffs' complaint is substantially similar to the complaint they filed in April 2017. (Case No. 6:17-cv-35, dkt. 1). Plaintiffs' 2017 suit was voluntarily dismissed in April 2018. Defendants argue that they are entitled to costs and attorney's fees pursuant to Rule 41 because Plaintiffs' conduct in re-filing a complaint with similar claims against the same defendants is "vexatious." For the reasons discussed below, Defendants motion for costs will be granted, but the Court will not include attorney's fees in that award.

## I.  Background

After finding a dead mouse in bagged salad they had consumed, Plaintiffs filed a lawsuit against Sam's Club East, Inc., Taylor Farms Retail, Inc., and Wal-Mart Stores, Inc. alleging willful and wanton negligence, gross negligence, breach of implied warranty of fitness and wholesomeness, breach of implied warranty of merchantability, and breach of express warranty. Plaintiffs filed a motion to voluntarily dismiss that case in April 2018. (Case No. 6:17-cv-35, Dkt. 52). In September 2018, Plaintiffs filed the instant action. There is no dispute that the new

complaint includes the same claims and is against defendants named in the previous action, the only difference being that Wal-Mart Stores, Inc. is no longer named as a defendant. Accordingly, Defendants filed this motion, arguing that, pursuant to Fed. R. Civ. P. 41(d), they are entitled to costs and attorney's fees totaling $98,149.70 ($4,259.70 in costs and $98,149.70 in attorney's fees).

## II. Legal Standard

Fed. R. Civ. P. 41(d) provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." "Rule 41(d) does not provide for an award of attorney's fees as a matter of right; instead a district court may award attorney's fees under this rule only where the underlying statute provides for attorney's fees. A court may also, within its discretion, award attorney's fees where it makes a specific finding that the plaintiff has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 311 (4th Cir. 2016) (internal quotations omitted). The Fourth Circuit defines "vexatious" as "without reasonable or probable cause or excuse." *Id*. (internal quotations omitted).

## III. Analysis

None of the claims in this case directly provide for attorney's fees. Thus, to determine if attorney's fees are appropriate, the Court must find that Plaintiffs' conduct was vexatious, wanton, oppressive, or in bad faith. *Andrews*, 827 F.3d at 314. This Court looks to the Fourth Circuit's decision in *Andrews* to guide that analysis. In *Andrews,* the plaintiff responded to the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by voluntarily dismissing the

2

action and filing a new complaint the same day. The Fourth Circuit found attorney's fees were not warranted because the magistrate judge had suggested that voluntary dismissal was a valid option and the new complaint was "much more detailed." *Id*. at 312. In further support of this conclusion, the Fourth Circuit cited decisions finding no vexation where no discovery had occurred and no substantial motions practice had been initiated by plaintiff. *Id*. (citing *Wishneski v. Old Republic Ins. Co.*, No. 5:06-cv-148-oc-10grj, 2006 WL 4764424, at * 4 (M.D. Fla. Oct. 10, 2006); *CIVCO Med. Instruments Co. v. Protek Med. Prods.*, 231 F.R.D. 555, 564 (S.D. Iowa 2005)). The Fourth Circuit rejected the argument that the plaintiff's behavior was vexatious because it "had the result of increasing the costs of defending the previous action, wasting judicial resources, and avoiding an adverse ruling." *Id*.

Although the Fourth Circuit made clear in *Andrews* that it did not consider the plaintiff's behavior to be in bad faith, wanton, or oppressive, the Fourth Circuit did not define those terms. However, district courts examining motions for costs pursuant to Rule 41(d) have looked to how bad faith is defined in cases considering attorney's fees under Rule 54(d). *See, e.g., McGlothlin v. Hennelly*, No. 9:18-cv-00246-DNC, 2018 WL 3548693, at *2 (D.S.C. July 24, 2018). "When considering whether to award attorney's fees under Rule 54(d), courts have found that attorney's fees are warranted when the party has been notified by a prior court that the claim is insufficient or has no merit and files a subsequent action anyway." *Id*. (citing *Zuraf v. Clearview Eye Care, Inc.*, 261 F.Supp.3d 637, 645 (E.D. Va. 2017).

In this case, Defendants claim they "are entitled to attorney's fees as part of costs because the conduct of the Plaintiffs in dismissing the case and re-filing identical claims fall[s] under the category of vexatious conduct which this Court seeks to deter." (Dkt. 12 at 3). In support of this argument, Defendants note that the parties engaged in extensive discovery and motions practice

3

in the previous action, the results of which were destroyed pursuant to a protective order. (*Id*.). Plaintiffs counter that their actions were supported by reasons that provide "good and probable cause or excuse and do not rise to the level of vexatious." (Dkt. 16 at 3). Specifically, Plaintiffs state that their previous counsel was preparing to leave the firm where he had been employed at the time the suit was filed. Plaintiffs opted to stay with the firm rather than the attorney himself. (*Id*. at 2). The firm then hired replacement counsel in mid-March 2018. (*Id*.). Upon review of the case, Plaintiffs' new counsel "determined that a needed expert witness had never been disclosed for the Plaintiffs," and that he "simply did not have enough time to become familiar with the extensive discovery in the case in order to prepare for a trial in June 2018." (*Id*.). Finally, Plaintiffs claim that their present counsel "determined that there were a number of discovery requests that were never made which in his estimation were necessary to properly prosecute the case." (*Id*.).

Insofar as Plaintiffs' voluntarily dismissal may have been a strategic move meant to avoid an adverse ruling, such a strategic move is not alone sufficient cause for the Court to label Plaintiffs' actions vexatious. *See Andrews*, 872 F.3d at 312 (rejecting the district court's conclusion that re-filing was vexatious because the plaintiff dismissed the action in order to avoid negative rulings). Similarly, the fact that Plaintiffs' second complaint was substantially similar to their initial complaint does not necessarily demonstrate bad faith. Plaintiffs had no indication that their complaint was meritless as filed. In fact, this Court denied two of Defendants' motions to dismiss pursuant to Rule 12(b)(6), indicating that Plaintiffs' complaint had, at the very least, stated a claim upon which relief could be granted. (Case No. 6:17-cv-35, Dkts. 24, 32). Finally, at oral argument, Plaintiffs' counsel noted that Defendants were aware that the suit would be re-filed, yet Defendants chose to leave the protective order in place,

4

resulting in the destruction of documents obtained during discovery. (Case No. 6:17-cv-35, Dkts. 39, 55). Based on these circumstances, Court does not find that Plaintiffs' behavior was vexatious, wanton, oppressive, or in bad faith such that attorney's fees are warranted.

While the Court does not find attorney's fees to be justified, it does find it appropriate to exercise its discretion to award costs associated with the previous litigation. *See Noffz v. Austin Maintenance & Construction, Inc.*, No. 8:16-208-MGL-KFM, 2016 WL 4385872 at *7 (D.S.C. July 25, 2016) (determining that plaintiff's conduct did not warrant attorney's fees, and making a separate determination that no award of costs was warranted). Here, the parties underwent extensive discovery and Plaintiffs voluntarily dismissed the case just two months prior to the scheduled trial. Plaintiffs did not attempt to reopen discovery or seek a continuance prior to filing their dismissal. Thus, while Plaintiffs' behavior was not "without reasonable or probable cause or excuse," the Court nonetheless finds that Defendants are entitled to some relief pursuant to Rule 41. *Andrews*, 827 F.3d at 311.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendants' motion for costs and to stay the proceedings pursuant to Fed. R. Civ. P. 41(d) and will award Defendants' costs associated with the prior litigation. However, because Plaintiffs' behavior was not vexatious, wanton, oppressive, or in bad faith, the Court will not include attorney's fees in that award. The Parties should proceed in accordance with the accompanying order.

An appropriate order will issue.

Entered this 8th day of July, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

5